IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN L. MILLS,** | : | |
| Plaintiff | : | CIVIL NO. 1:CV-04-0871 |
| v. | : | (Judge Rambo) |
| **BENJAMIN A. MARTINEZ, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM and ORDER

I. **Introduction**

Plaintiff, Steven Mills, an inmate at the Greensburg State Correctional Institution in Greensburg, Pennsylvania, initiated this action *pro se* by filing a civil rights complaint under 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint. (Doc. 7.) Plaintiff claims that his civil rights were violated because his sentence was incorrectly calculated, and thus he has been incarcerated beyond his maximum sentence date. In addition, he alleges that his rights were violated because he was forced to participate in "rapist and sexual offender and sexual predator programming" and to register as a sexual predator even though he has no rape offense conviction. (Doc. 7 at 11.)

By Order dated November 5, 2007, this court directed Plaintiff to file his brief in opposition to Defendants' motion to dismiss (Doc. 26) within fifteen (15) days. Presently before the court are Plaintiff's motions for appointment of counsel. (Docs. 27, 32.) For the reasons that follow, the motions will be denied.

## II. Discussion

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the court has broad discretionary power to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *see also Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron,* 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit Court of Appeals identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his own

behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57. Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel. Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments. Plaintiff is financially unable to retain counsel, which would mitigate in favor of appointing counsel. However, despite Plaintiff's assertion that he is unable to understand the legal process and has relied on others to prepare pleadings, he has set forth his complaint and other pleadings in typewritten, plain and concise statements. Notwithstanding Plaintiff's assertion to the contrary, the legal issues are relatively uncomplicated, investigation does not appear beyond the ability of Plaintiff, expert testimony is not likely to be required, and the court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own. Furthermore, this court's

liberal construction of *pro se* pleadings weighs against the appointment of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972)

Therefore, Plaintiff's motions for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court, on its own initiative, or upon a properly filed motion by the Plaintiff. In addition, Plaintiff will be afforded an additional ten (10) days to submit his brief in opposition to Defendants' motion to dismiss.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motions for appointment of counsel (Docs. 27, 32) are **DENIED**. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court, on its own initiative, or upon a motion properly filed by the Plaintiff.

2. Plaintiff shall file his brief in opposition to Defendants' motion to dismiss (Doc. 26) on or before December 5, 2007. If Plaintiff fails to file the brief in opposition, the court will deem the motion unopposed under M. D. Pa. L. R. 7.6, and dismiss the case without a merits analysis. *See* M. D. Pa. L. R. 7.6; FED. R. CIV. P. 41(b)*; Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

                                                  s/Sylvia H. Rambo
                                                   Sylvia H. Rambo
                                                  United States District Judge

Dated: November 20, 2007.