IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN L. MILLS,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-04-0871 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **BENJAMIN A. MARTINEZ,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, Stephen L. Mills ("Plaintiff" or "Mills"), an inmate currently confined at the Greensburg State Correctional Institution ("SCI-Greensburg") in Greensburg, Pennsylvania, commenced this action *pro se* by filing a 42 U.S.C. § 1983 civil rights complaint. He subsequently filed an amended complaint (Doc. 7) on May 17, 2004. Mills alleges that his civil rights were violated because he has been incarcerated beyond his maximum sentence date. (Doc. 7 at 10.) He further alleges that he was forced to participate in sex offender programming and to register as a sex offender despite the fact that he has not been convicted of a rape offense. (*Id.* at 10-11.)

Presently before the court is a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed on behalf of Defendants Benjamin A. Martinez and Kathleen Zwierzyna, members of the Pennsylvania Board of Probation and Parole

(Doc. 26). The parties have briefed the issues and the motion is ripe for disposition. For the reasons set forth below, the motion will be granted.

I.      **Background**

     A.      **Allegations Against Defendants Martinez and Zwierzyna**

On September 16, 1980, Mills was arrested on burglary charges. (Doc. 7 at 9.) On November 22, 1982, Mills was convicted of burglary in the Philadelphia County Court of Common Pleas and sentenced to prison for no less than ten (10) and no more than twenty (20) years. (*Id.*) His maximum sentence expiration date was September 16, 2000. (*Id.*)

On May 24, 2000, Mills was paroled. (*Id.*) He was arrested on August 16, 2000 by Defendant L. Martinez on a parole violation. (*Id.*) In making the arrest, L. Martinez acted under the authority of his supervisor, Defendant Joachim. (*Id.*) On August 8, 2000 Joachim fabricated reports and documents to state that Plaintiff had utilized a controlled substance through a "falsified urinalysis test." (*Id.*) The urine test was administered by Defendant Burris. (*Id.*)

Upon his arrest on August 16, 2000, Mills immediately was incarcerated at the Graterford State Correctional Institution ("SCI-Graterford"). (Doc. 7 at 9.) He had an "illegal, unconstitutional, and judicially void preliminary hearing" at which he was

"coercively forced to unknowingly involuntarily and unintelligently sign a[n] admittal form."[1]  (*Id.*)  Mills is unable to read or write much more than his name and cannot comprehend the English language beyond that of a "3.4" grade level, and thus did not understand "the value" of his signature on the admittal form.  (*Id.* at 10.)

Mills subsequently was transferred from SCI-Graterford to SCI-Huntingdon.  (*Id.*)  On October 2, 2001, Plaintiff received a DC-16E sentence status summary sheet from Defendant Semery, the records officer at SCI-Huntingdon, showing that Plaintiff's maximum sentence date was changed from September 16, 2000 to May 16, 2005.  (*Id.*)  In making this change, Defendants Martinez and Zwierzyna, who serve respectively as the chairman and secretary of the parole board, and the "members of the board of psychiatric and medical facilitators of the Commonwealth's parole release program," have imposed a sentence of "(4) four years (9) nine months" beyond the expiration of Plaintiff's maximum sentence and have "altered and fabricated information intentionally misrepresenting" that his maximum sentence had expired.[2]  (*Id.*)  Plaintiff alleges violations of his Fourteenth Amendment rights to due

---

[1] Mills indicates in his amended complaint that the admittal form is attached as "Exhibit-A." (Doc. 7 at 9, 4.)  Neither "Exhibit-A" nor any of the other exhibits Mills refers to in his amended complaint are attached to the original document filed with the court.

[2] Mills does not name the "members of the board of psychiatric and medical facilitators" as defendants.  It is unclear whether these individuals serve on a "team"

3

process and equal protection and of the Thirteenth Amendment prohibition against slavery and involuntary servitude.  (*Id.*)

### B.     **Procedural History**

Mills filed his complaint pursuant to 42 U.S.C. §1983 on April 22, 2004.  (Doc. 1.)  On May 17, 2004, he filed an amended complaint.  (Doc. 7.)  Mills names three categories of Defendants.  The first category, the "Parole Board Defendants," consists of Benjamin A. Martinez, ("Martinez"), the chairman of the Pennsylvania Probation and Parole Board parole release program; and Kathleen Zwierzyna, the secretary of the parole release program.  (Doc. 7 at 3.)

The second category of Defendants, the "Parole Officer Defendants," consists of Robert Joachim, supervisor of the Philadelphia Adult Probation Department[3], Sex Offender Unit ("Philadelphia Parole Department"); Luiz Martinez, a parole agent at the Philadelphia Parole Department ("L. Martinez"); and Agent Burris, a parole agent at the Philadelphia Parole Department who collects urine samples.  (*Id.* at 3, 4.)

---

within the parole board (Doc. 7 at 3) or on a separate board (Doc. 7 at 10).

[3]In his amended complaint, Mills refers to the "Philadelphia, intensive sexual predator unit parole office."  The court engaged in computer research to determine the actual name of the unit and discovered that it is the Philadelphia Adult Probation Department.
*See* http://www.pbpp.state.pa.us/pbppinfo/cwp/view.asp?a=3&q=153975.

4

The third category, the "Corrections Defendants," consists of the following employees of the Huntingdon State Correctional Institution ("SCI-Huntingdon"): Kenneth K. Kyler, warden; James L. Grace, acting warden; Linda Thompson, parole agent and supervisor; Mr. Semery, records officer; Joseph Ogershok, Jr. and Joel Keller, FA-Unit Managers of Minimum Security Level-2 ("FA-Unit"); and Joe Dinardi, the corrections counselor assigned to the FA-Unit. (*Id.* at 5-9.)

The court directed service of the amended complaint on June 7, 2004. (Doc. 9.) Because service was not achieved, the court again directed service of the amended complaint on June 21, 2007. (Doc. 20.) On August 27, 2007, the Office of Attorney General of Pennsylvania filed a Waiver of Service on behalf of Defendants Martinez and Zwierzyna. (Doc. 23.) On August 30, 2007, the Office of Attorney General entered an appearance on behalf of Defendants Martinez and Zwierzyna and filed the instant motion to dismiss. (Docs. 25, 26.) After the court granted an enlargement of time, Defendants filed their supporting brief on September 24, 2007. (Doc. 29.)

Plaintiff failed to file a timely opposition brief, and thus on November 5, 2007, the court directed Plaintiff to file his opposition within fifteen (15) days. (Doc. 31.) Instead of filing his opposition, Plaintiff filed a motion to appoint counsel. (Doc. 32.) By Order dated November 20, 2007, the court denied Plaintiff's motion to appoint

5

counsel but gave him an additional ten (10) days to file his opposition to Defendants' motion. (Doc. 33.) Plaintiff filed his brief in opposition[4] to the motion to dismiss on December 14, 2007. (Doc. 34.) To date, the Office of Attorney General has not filed waivers of service and/or an entry of appearance with respect to the other Defendants.

## II.    Legal Standard

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case — some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "A situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice

---

[4] Plaintiff filed a document entitled "Brief for Plaintiff" which does not respond directly to Defendants' arguments in support of their motion to dismiss. Rather, it is a narrative of events that occurred when Plaintiff was on parole at a halfway house at an unspecified time. (*See* Doc. 34.)

6

of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord, e.g., Phillips*, 515 F.3d at 238-39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls

for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Twombly*, 127 S. Ct. at 1965, *quoted in Phillips*, 515 F.3d at 234.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other

parts of the record in making its decision.  *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994).  Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), *quoted in Erickson*, 127 S. Ct. at 2200.

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient.  *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

**III.  Discussion**

Plaintiff's sole allegations against Defendants Martinez and Zwierzyna are that they improperly extended the expiration date of his maximum sentence and "altered and fabricated information intentionally misrepresenting" that his maximum sentence date had expired.  (Doc. 7 at 10.)   Plaintiff does not allege that Defendants Martinez and Zwierzyna were responsible for his forced participation in sex offender programming and registration as a sex offender.  (*Id.* at 10-11.)

Defendants Martinez and Zwierzyna seek dismissal of Plaintiff's complaint on several grounds, two of which are dispositive.  They argue that they are entitled to absolute immunity from Plaintiff's section 1983 claims.  They also assert that Plaintiff's claim that Defendants improperly extended his maximum sentence date constitutes a challenge to the length of his sentence and therefore is barred by the rule set forth in *Heck v. Humphrey*, 512 U.S. 482 (1994).  That rule bars § 1983 claims unless a plaintiff can show that his underlying conviction or sentence has been reversed, expunged, invalidated, or impugned.  *Heck*, 512 U.S. at 489.

For the reasons set forth below, the court agrees that Defendants Martinez and Zwierzyna are entitled to absolute immunity and that, even if they were not immune to Plaintiff's claims, his claims against them would be barred by the rule set forth in *Heck*.

10

### A. **Absolute Immunity**

In *Wilson v. Rackmill*, 878 F.2d 772, 775-76 (3d Cir. 1989), the Third Circuit Court of Appeals established that probation and parole officers are entitled to absolute immunity only when "they are engaged in adjudicatory duties." *Id.* If a parole or probation officer acts in an executive, administrative, or investigative capacity, he or she only is entitled to a qualified good faith immunity. *Id.*

The distinction between actions taken by parole officials in an executive and administrative capacity versus an adjudicatory capacity is not always clear. *See Williams v. Consovoy*, 333 F. Supp. 2d 297, 300 (D.N.J. 2004) (citing *Simon v. Ward*, No. 99-1554, 2001 WL 41127, at * 2 (E.D. Pa. 2001)). In *Bieros v. Nicola*, 839 F. Supp. 332, 335 (E.D. Pa. 1993), the court noted that the gathering of information in order to prepare a pre-sentence report was an administrative or executive duty as opposed to an action taken in an adjudicative capacity. However, the *Simon* court recognized that hearing evidence and making recommendations as to whether to parole a prisoner are adjudicatory acts. *Simon*, 2001 WL 41127, at *3. Moreover, in *Breslin v. Brainard*, No. 01-CA-7269, 2002 WL 31513425, at *7 n.10 (E.D. Pa. 2002), the court observed that the Third Circuit Court of Appeals has held that parole officials are entitled to absolute immunity when they engage in certain adjudicatory acts, including: (1) hearing evidence; (2) making recommendations as to whether to

11

parole a prisoner; or (3) making decisions whether to grant, revoke or deny parole. *See Breslin*, 2002 WL 31513425, at *7 n.10 (citing *Wilson*, 878 F.2d at 776; *Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir. 1986)).

Courts determine whether parole officials were acting in a judicial or executive capacity by examining the allegations of the complaint. *Wilson*, 878 F.2d at 775-76. In the instant case, Plaintiff alleges that Defendants Martinez and Zwierzyna, and the "members of the board of psychiatric and medical facilitators," have "illegally, unconstitutionally, and without judicial authority imposed a sentence of (4) four years (9) nine months upon [Plaintiff's] judicially expired maximum (20) year sentence" and have "altered and fabricated information intentionally misrepresenting the fact of his maximum sentence expiring in it's [*sic*] entirety."[5] (Doc. 7 at 10.)

---

[5]Mills alleges that, as chairman of the parole board, Defendant Martinez oversees "the actions and conduct" of the "members of the board of psychiatric and medical facilitators" and coordinates the psychiatric evaluations performed by them. (Doc. 7 at 3, 10.)
 "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). The personal involvement requirement may be satisfied by a showing of "personal direction or of actual knowledge and acquiescence." *Id.* Plaintiff fails to satisfy this requirement because he does not specifically allege the manner in which Defendant Martinez oversees the board. Therefore, Defendant Martinez cannot be held liable for their actions.

The court infers from Plaintiff's allegations that Defendants Martinez and Zwierzyna extended the expiration of his maximum sentence date pursuant to their decision to revoke his parole.  Further, the court interprets Plaintiff's allegation that Defendants Martinez and Zwierzyna "altered and fabricated information" to mean that, upon deciding that Plaintiff's parole should be revoked, they adjusted his maximum sentence date and amended his records to reflect the new expiration date.  It is apparent from Plaintiff's allegations that the role of Defendants Martinez and Zwierzyna was limited to deciding to revoke parole and adjusting his maximum sentence date accordingly.  Therefore, Defendants Martinez and Zwierzyna acted solely in an adjudicatory capacity and are entitled to absolute immunity.  *See Wilson*, 878 F.2d at 776; *Harper*, 808 F.2d at 284; *Breslin*, 2002 WL 31513425, at *7 n.10.

However, even if Defendants Martinez and Zwierzyna were not immune to Plaintiff's claim that they improperly altered his maximum sentence date, the claim still would be barred under the rule set forth in *Heck v. Humphrey*.  The court will briefly discuss the application of *Heck* to Plaintiff's claim.

### B. Unlawful Incarceration

In *Heck*, the Court held as follows:

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove

13

>       that the conviction or sentence has been reversed on direct appeal,
>       expunged by executive order, declared invalid by a state tribunal authorized
>       to make such [a] determination, or called into question by a federal court's
>       issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted). Where a plaintiff has not obtained such prior relief, he or she cannot state a related § 1983 claim. *Id.* at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action."). "Because an action attacking the validity of parole proceedings calls into question the fact and duration of confinement, it must satisfy the *Heck* element." *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (*Heck* applies to challenges to revocation of parole).

Mills does not allege that he has successfully established the unlawfulness of his confinement. In fact, Mills has filed two 28 U.S.C. § 2254 petitions for writ of habeas corpus challenging the revocation of his parole and re-commitment to serve his state sentence, both of which were dismissed for failure to exhaust state remedies. *See Mills v. Grace*, Civil No. 1:04-CV-2342 (M.D. Pa. August 3, 2005) (Rambo, J.); *Mills v. Kyler*, No. Civ.A.03-5947, 2004 WL 1202894 (E.D. Pa. May 28, 2004). If Plaintiff had been successful in either one of those actions, he would not be prevented by *Heck* from pursuing a § 1983 action. However, he was not successful, and thus he cannot state a §

1983 claim that would undermine the legality of his confinement. Consequently, even if Defendants Martinez and Zwierzyna were not immune to Plaintiff's claim, his claim that these Defendants have violated his civil rights by wrongfully confining him beyond his maximum sentence date and altering his records to reflect the new expiration date still would be dismissed pursuant to the rule set forth in *Heck*.

## IV.  Conclusion

In accordance with the foregoing discussion, the court will grant the motion to dismiss filed on behalf of Defendants Martinez and Zwierzyna. An appropriate order will issue.

                                               s/Sylvia H. Rambo
                                               SYLVIA H. RAMBO
                                               United States District Judge

Dated: March 20, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**STEPHEN L. MILLS,**                  :
                                       :
    **Plaintiff**           :   CIVIL NO. 1:CV-04-0871
                                       :
  **v.**                          :   (Judge Rambo)
                                       :
**BENJAMIN A. MARTINEZ,** *et al.*,**:**
                                       :
    **Defendants**          :

# O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss (Doc. 26) is **GRANTED**.

2. It is certified that any appeal from this order is deemed frivolous and not taken in good faith.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: March 20, 2008.