IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN L. MILLS,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-04-0871 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **BENJAMIN A. MARTINEZ,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM & ORDER

Plaintiff Stephen L. Mills, an inmate currently confined at the Greensburg State Correctional Institution ("SCI-Greensburg") in Greensburg, Pennsylvania, commenced this action *pro se* by filing a 42 U.S.C. § 1983 civil rights complaint. He subsequently filed an amended complaint (Doc. 7).

By order dated August 19, 2008, the court directed Plaintiff to provide updated addresses for Defendants Robert Joachim and Luiz Martinez within fifteen (15) days in order to effect service of the amended complaint. (*See* Doc. 45.) The order advised Plaintiff that if he failed to timely provide updated addresses, the claims against these Defendants would be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m).

Also on August 19, 2008, the court entered an order directing Plaintiff to file a brief in opposition to the motion to dismiss (Doc. 40) filed on behalf of Defendants Keller, Kyler, Dinardi, Thompson, Grace, Burris, and Ogershok within fifteen (15) days. (Doc. 46.) The order warned Plaintiff that if he fails to file an opposition brief, the court will deem the motion unopposed under M. D. Pa. L. R. 7.6, and the motion will be granted without a merits analysis. *See* M. D. Pa. L. R. 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

Prior to the expiration of the deadline for Plaintiff to comply with the August 19 orders, the court received a letter from Plaintiff dated August 23, 2008. (Doc. 47.) In the letter, Plaintiff informed the court that he will not be filing a brief. (Doc. 47.) However, in the same letter, Plaintiff stated that he again was requesting that counsel be appointed to represent him. Consequently, Plaintiff's letter will be construed as a motion to appoint counsel, and for the reasons that follow, the motion will be denied.

Plaintiff previously filed two motions to appoint counsel. (Docs. 27, 32.) These motions were denied because Plaintiff failed to set forth sufficient circumstances to warrant the appointment of counsel. (*See* Doc. 33.) Specifically, the court determined that Plaintiff had demonstrated his ability to present comprehensible arguments; that, despite his assertion that he unable to understand the legal process and relied on others to prepare his pleadings, he set forth his complaint and other

2

pleadings in typewritten, plain, and concise statements; that the legal issues appeared to be relatively uncomplicated; that investigation did not appear to be beyond his ability; that expert testimony was not likely to be required; and that the court could not say that Plaintiff would suffer prejudice if forced to prosecute the case on his own.  (*See* Doc. 33 at 3-4.)

In his present motion, Plaintiff has reiterated his assertion that he does not understand the law and is unable to get the help he needs to prepare a brief.  (*See* Doc. 47.)  He has not presented sufficient circumstances to warrant the appointment of counsel.  Therefore, his motion will be denied without prejudice.  However, Plaintiff will be afforded an additional ten (10) days to comply with this court's August 19, 2008 orders (Docs. 45, 46).

   **IT IS THEREFORE ORDERED THAT:**

   1.   Plaintiff's letter dated August 23, 2008 (Doc. 47) is construed as a motion to appoint counsel, and the motion is **DENIED**.

   2.   Within ten (10) days from the date of this order, Plaintiff shall comply with the court's August 19, 2008 order (Docs. 45) directing him to provide updated addresses for Defendants Robert Joachim and Luiz Martinez.

3. Plaintiff is forewarned that if he fails to provide updated addresses within the time provided, the claims against Joachim and Martinez will be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m).

4. Within ten (10) days from the date of this order, Plaintiff shall file a brief in opposition to the pending motion to dismiss (Doc. 40).

5. If Plaintiff fails to timely file his opposition brief, the motion (Doc. 40) will be deemed unopposed under M. D. Pa. L. R. 7.6 and will be granted without a merits analysis. *See* M. D. Pa. L. R. 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

s/Sylvia H. Rambo  
Sylvia H. Rambo  
United States District Judge

Dated: September 3, 2008.